59544. HARTFORD INSURANCE GROUP et al. v. MANUEL.

BANKE, Judge.

The case is before us on an interlocutory appeal by the plaintiff from an order staying the proceedings. Plaintiff, as the subrogated party in interest, seeks property damages arising from a collision between the truck of its insured and a tractor-mower driven by defendant. The order appealed from states, "[I]t appearing to the court from a consideration of the record . . . that the Georgia Motor Vehicle Accident Reparations Act, Code Ann. § 56-3405b (d) (1) as amended by Ga. L. 1976, pp. 1078, 1079, was effective at the time this cause of action arose and that the plaintiff is bound to pursue its rights thereunder, it is therefore ordered that the . . . cause is . . . stayed so that plaintiff may pursue its rights thereunder . . ." The statute, since amended, provided that "[i]nsurers and self-insurers providing benefits without regard to fault described in Sections 56-3403b and 56-3404b shall be subrogated to the rights of the person for whom benefits are provided, to the extent of the benefits provided only in the event that the person for whom benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident with the right of recovery and the amount thereof shall be determined by agreement on the basis of tort law between the insurers involved, or, if they fail to agree, by binding intercompany arbitration under procedures approved by the insurance commissioner." In addition to personal injury protection (PIP), Section 56-3404b (a) (2) requires insurers to make available on an optional basis coverage for compensation without regard to fault for damage to the insured vehicle. Such coverage is limited to the actual cash value of the vehicle and subject to deductibles at the election of the policyholder. *Held:*

From the record before us there is nothing to suggest the application of Code Ann. § 56-3405b (d) (1). There is evidence in the record which would support the conclusion that the statute is not applicable. The owner of the vehicle insured by plaintiff is a Florida resident. The policy under which the plaintiff maintains its claim is not before us, nor was it apparently before the trial court. It may be,

as plaintiff asserts, a policy issued under the laws of Florida. In any event, the defendant below is not an insurer, but is the alleged tortfeasor. The statute in question poses no bar to plaintiff's suit.

*Judgment reversed and case remanded. McMurray, P. J., and Smith, J., concur.*

SUBMITTED MARCH 11, 1980 — DECIDED
APRIL 7, 1980.

*Stephen H. Harris,* for appellants.
*Jack G. Slover, Jr.,* for appellee.